[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2010
JOHN LEY
CLERK

No. 10-10263
Non-Argument Calendar
_____

D. C. Docket No.1:09-cv-03087-WBH

JORY J. BRICKER,

Plaintiff-Appellant,

versus

COBB COUNTY GOVT. & PERSONNEL,
GEORGIA STATE GOVT & PERSONNEL, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 1, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jory J. Bricker appeals the district court's dismissal of her complaint, brought in forma pauperis, pursuant to 28 U.S.C. § 1915(e)(2). A district court must dismiss an action brought in forma pauperis upon determining that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The district court dismissed Bricker's complaint for multiple reasons, concluding that (1) the complaint was barred by the doctrine of res judicata; (2) the complaint was barred by the applicable statute of limitations; (3) the complaint failed to establish federal question or diversity jurisdiction; (4) the complaint failed to establish venue in the Northern District of Georgia; and (5) the complaint asserted claims against Defendants who are immune from suit or not subject to the court's personal jurisdiction. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), taking the allegations in the complaint as true. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

We need not address all of the district court's bases for dismissal, as "[t]his court may affirm on any ground supported by the record." Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007). We agree with the district court that Bricker's complaint is barred by the applicable statute of limitations. All of Bricker's allegations stem from her 1987 divorce proceedings in Cobb County,

2

Georgia. Specifically, she claims that various attorneys, bank officials, and local, state, and federal officials and judges conspired to alter documents related to a real property mortgage without her knowledge in 1987 and that the Veterans Administration illegally foreclosed on her property in Largo, Florida, in 1989.

Assuming <u>arguendo</u> that Bricker's complaint alleges a federal claim under 42 U.S.C. § 1983, as she argues on appeal, "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." <u>McNair v. Allen</u>, 515 F.3d 1168, 1173 (11th Cir. 2008). Bricker brought her claims in Georgia, where the governing limitations period is two years. O.C.G.A. § 9-3-33; <u>Porter v. Ray</u>, 461 F.3d 1315, 1323 (11th Cir. 2006). A cause of action under § 1983 accrues, and thereby sets the limitations clock running, when the plaintiff knows or should know (1) that she has suffered the injury that forms the basis of her complaint and (2) who has inflicted the injury. <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003). Based on the facts alleged in Bricker's complaint, it is apparent that the statute of limitations would have expired well over a decade before she filed this federal action in the district court. <u>See</u> <u>Brotherhood of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment</u> <u>CSX Transp. N. Lines v. CSX Transp., Inc.</u>, 522 F.3d 1190, 1194 (11th Cir. 2008)

3

("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.") (internal quotations and citations omitted).  Accordingly, the district court did not err in concluding that Bricker's complaint was barred by the applicable statute of limitations.

AFFIRMED.